**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br><br>v.<br><br>JUAN FRANCISCO AVILA-CASTILLO,<br>       Defendant. | CRIMINAL NO. 18-627 (GAG) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: RULE 11(b) GUILTY PLEA HEARING**

**I.    Procedural Background**

On September 26, 2018, defendant Juan Francisco Avila-Castillo was charged in a single count indictment. He agrees to plead guilty to Count One.

Count One charges that on or about September 18, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, Juan Francisco Avila Castillo, the Defendant, being an alien previously removed from the United States subsequent to a conviction for an aggravated felony, was found in the United States, without obtaining, prior to his re-embarkation at a place outside the United States, the express consent from the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States; all in violation of Title 8, *United States Code,* Section 1326(a)(2)(b)(2).

Defendant appeared before me, assisted by the court interpreter, on June 4, 2019, because the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

## II.   Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1] He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge. He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge. He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge. The defendant then voluntarily consented to proceed before a magistrate judge.

## III.   Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F2d 1237, 1244 (1st Cir. 1991)).

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

A.     **Competence to Enter a Guilty Plea**

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charge with his attorney and was satisfied with the advice and representation he received. The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. Avila Castillo was competent to plead and fully aware of the purpose of the hearing.

B.     **Maximum Penalties and Consequences of Guilty Plea**

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely: a term of imprisonment of not more than twenty (20) years, a fine of not more than two hundred and fifty thousand dollars ($250,000), and a supervised release term of not more than three (3) years. The defendant also understood that a Special Monetary Assessment of $100.00 would be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of revocation. The defendant indicated that he understood the maximum penalties for Count One and the potential consequences of the guilty plea.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served. Defendant was additionally informed that a pre-sentence report

would be prepared and considered by the district judge at sentencing, and that the defense and the government would be allowed to correct or object to any information contained in the report which was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant also confirmed that he was aware that his guilty plea, if accepted, may result in negative immigration consequences such as removal, deportation, and prohibition of re-entry to the United States. The defendant confirmed that he understood these consequences of his guilty plea.

### C. Sentencing Procedures

The defendant was specifically informed that the district court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines, and that he would not be allowed to withdraw his guilty plea for the sole reason that he received a sentence more severe than he might anticipate. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at 18, United States Code, Section 3553(a). The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes.

### D. Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed

innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify. He was further informed that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty or not guilty.

The defendant specifically acknowledged understanding these rights and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served, and that his guilty plea may result in loss of important civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant confirmed that he understood these consequences of the guilty plea.

### E.     **Factual Basis for the Guilty Plea**

Defendant was read in open court Count One of the indictment and provided an explanation of the elements of the offense. Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offense charged in Count One and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt. The defendant was able to understand this explanation and admitted all the essential elements of the count(s) to which he is pleading guilty.

### F. Voluntariness

The defendant indicated that he was not being induced to plead guilty but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea. He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the plea agreement. Throughout the hearing the defendant was able to consult with his attorney.

## IV. Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Juan Francisco Avila Castillo is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing has been set for August 20, 2019 at 9:00 AM before Chief Judge Gustavo A. Gelpi.**

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 4th day of June 2019.

*s/Marshal D. Morgan*
MARSHAL D. MORGAN
United States Magistrate Judge